UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

CHAMBERS OF
**SUSAN D. WIGENTON**
UNITED STATES DISTRICT JUDGE

MARTIN LUTHER KING COURTHOUSE
50 WALNUT ST.
NEWARK, NJ 07101
973-645-5903

August 12, 2019

Anthony V. Locascio, Esq.
Gold, Albanese, Barletti & Locascio
211 Broad Street, Suite 207
Red Bank, NJ 07701
*Counsel for Plaintiff*

Felice J. Cotignola, Esq.
Lester Schwab Katz & Dwyer, LLP
500 Frank W. Burr Blvd., 5th Floor, Suite 31
Teaneck, NJ 07666
*Counsel for Defendants*

## LETTER OPINION FILED WITH THE CLERK OF THE COURT

**Re:  Albuquerque v. Achane, et al.
      Civil Action No. 19-13901 (SDW) (LDW)**

Counsel:

Before this Court are Defendants Darrel G. Achane ("Achane") and Schneider National Bulk, Inc. s/h/a Schneider National Bulk's ("Schneider") (collectively, "Defendants") Motion to Dismiss Counts Two, Three, Five and Six and to Partially Dismiss Count Four of Plaintiff Fernando Albuquerque's ("Plaintiff") Complaint pursuant to Federal Rule of Civil Procedure 12(b)(6). This Court having considered the parties' submissions, having reached its decision without oral argument pursuant to Federal Rule of Civil Procedure 78, and for the reasons discussed below, grants Defendants' motion in part and denies it in part.

## DISCUSSION

A.

An adequate complaint must be "a short and plain statement of the claim showing that the pleader is entitled to relief." FED. R. CIV. P. 8(a)(2). This Rule "requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do. Factual allegations must be enough to raise a right to relief above the speculative level[.]" *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (internal citations omitted); *see also Phillips v.*

*County of Allegheny*, 515 F.3d 224, 231 (3d Cir. 2008) (stating that Rule 8 "requires a 'showing,' rather than a blanket assertion, of an entitlement to relief").

In considering a Motion to Dismiss under Rule 12(b)(6), the Court must "accept all factual allegations as true, construe the complaint in the light most favorable to the plaintiff, and determine whether, under any reasonable reading of the complaint, the plaintiff may be entitled to relief." *Phillips*, 515 F.3d at 231 (external citation omitted). However, "the tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions. Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

B.

The instant litigation arises out of a motor vehicle accident between Plaintiff and Achane that occurred on March 31, 2017. (D.E. 1-1 ¶¶ 1-3.) On the day in question, Achane was driving a vehicle owned by Schneider. (*Id.* ¶ 2.) On February 27, 2019, Plaintiff filed suit against Defendants in the Superior Court of New Jersey, Law Division, Union County, alleging that he suffered "permanent and debilitating injuries" as a result of the accident and raising claims for negligence, violation of the Federal Motor Carrier Safety Act ("FMCSA"), violation of N.J.A.C. 13:60-1.1, and vicarious liability. (D.E. 1-1.) Plaintiff also seeks punitive damages. Defendants removed to this Court on June 17, 2019, and filed the instant motion to dismiss four days later. (D.E. 1, 3.) Plaintiff filed his opposition on July 1, 2019 and Defendants timely replied on July 3, 2019. (D.E. 7, 8.)

Plaintiff's claims for violation of the FMCSA must be dismissed because the FMCSA does not provide for a private right of action for personal injury suits. *See Bales v. Green*, Civ. No. 16-106, 2018 WL 1144980, at *2 (N.D. Okla. Mar. 2, 2018) (collecting cases, and noting that "a clear majority of courts to consider the issue have concluded" that the "Motor Carrier Act and its regulations" do not create a private right of action for personal injury claims); *see also Ware v. Transp. Drivers, Inc.*, 30 F. Supp. 3d 273, 276 (D. Del. 2014) (holding that "[t]o the extent that plaintiff asserts a private right of action under . . . the [FMCSA], the claims fail"). N.J.A.C. 13:60-1.1, which tracks the FMCSA, is similarly intended to "establish[] rules and regulations concerning the qualifications of motor carrier operators" and nowhere provides for a private remedy. *See* N.J.A.C. 13:60-1.1. Therefore, Counts Two and Five will be dismissed.

Defendants' motion to dismiss Count Four, however, will be denied. Although broad, Plaintiff's allegations that Schneider negligently hired and/or supervised Achane and is vicariously liable for his conduct are sufficient to inform Defendants of the claims brought against them and to permit them to mount a defense. Defendants' motion to strike Paragraphs 3 and 4 of Count Four as "immaterial, impertinent, or scandalous" pursuant to Federal Rule of Civil Procedure 12(f) will also be denied. This Court finds nothing improper about those allegations.

Counts Three and Six seek punitive damages pursuant to New Jersey's Punitive Damages Act ("NJPDA"), N.J.S.A. 2A:15-5.9. In order to recover punitive damages under the NJPDA, Plaintiff must show that Defendants acted with "actual malice . . . or a wanton and willful disregard of persons who foreseeably might be harmed by those acts or omissions. This burden of proof

may not be satisfied by proof of any degree of negligence including gross negligence." N.J.S.A. 2A:15-5.9. Plaintiff has pled no facts in support of any malicious or wanton behavior on the part of Defendants, therefore, Counts Three and Six of the Complaint will be dismissed.

## **CONCLUSION**

Defendants' Partial Motion to Dismiss the Complaint is **GRANTED in part** and **DENIED in part**. An appropriate order follows.

___/s/ Susan D. Wigenton_____<br>**SUSAN D. WIGENTON, U.S.D.J.**

Orig: Clerk
cc: Parties
     Leda D. Wettre, U.S.M.J.